UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-71 (ABJ) |
| v.         )( | Judge Amy B. Jackson |
| )( | Plea/Sentencing: August 4, 2021 |
| KARL DRESCH     )( | |

## MEMORANDUM IN AID OF SENTENCING

COMES NOW the defendant, Karl Dresch, by and through undersigned counsel, and respectfully submits the following information to aid the Court in determining the appropriate sentence for him:

1. On January 19, 2021, Karl Dresch was arrested near his home in a small town in Michigan on a warrant that had originated from this District. The charges at issue in the warrant pertain to the events that occurred at the United States Capitol on January 6, 2021. On January 20, 2021, Mr. Dresch appeared before a Magistrate Judge in the United States District Court for the Western District of Michigan for an initial appearance. At that hearing, the Magistrate Judge ordered that Mr. Dresch be held without bond and transferred his case to this District for trial. Mr. Dresch has been held without bond in this case continuously since his arrest in Michigan on January 19, 2021.

2. On February 3, 2021, a five-count indictment was filed against Mr. Dresch in this District. The charges in the indictment are: 1) Obstruction of an Official Proceeding (18 U.S.C. §§ 1512(c)(2), 2); 2), Entering and Remaining in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1)); 3) Disorderly or Disruptive Conduct in a Restricted Building or Grounds 18 U.S.C. § 1752(a)(2)); 4) Disorderly Conduct in a Capitol Building (40 U.S.C. § 5104(e)(2)(D)); and 5) Parading, Demonstrating, or Picketing in a Capitol Building (40 U.S.C. § 5104(e)(2)(G)).

1

3.  Mr. Dresch has entered into a plea agreement with the government in which he will pled guilty to the fifth count of his indictment: Parading, Demonstrating, or Picketing in a Capitol Building (40 U.S.C. § 5104(e)(2)(G)) (Parading).  The remaining charges are to be dismissed as part of the plea agreement.  For the charge of Parading, Mr. Dresch faces a maximum sentence of six months in prison and up to a $5000 fine.  40 U.S.C. § 5109(b).  The plea hearing is scheduled for August 4, 2021.  As part of the plea, Mr. Dresch agrees to pay a $10 special assessment and $500 in restitution.  The parties are requesting that Mr. Dresch proceed directly to sentencing after he pleads guilty.  On this point, it should be noted that Mr. Dresch has already been incarcerated for more than the six-month maximum term of imprisonment that can be imposed for the Parading charge he is pleading guilty to.

4.  In determining an appropriate sentence for a defendant, the Court is to consider the factors spelled out in 18 U.S.C., Section 3553(a).  These factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed—

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant;

   (D) to provide the defendant with needed with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kind of sentences available;

(4) the kinds of sentence and the sentencing range established… [by the sentencing guidelines];

(5) any pertinent policy statement… issued by the Sentencing Commission…;

>   (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>   (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

   5.   In discovery, the government has turned over to the Mr. Dresch numerous CCTV videos that appear to capture him entering the U.S. Capitol on January 6, 2021, walking around inside the building, and then leaving the building. A review of the videos show that Mr. Dresch entered the Capitol on the Crypt or basement level of the building by walking through a set of double doors that had already been opened ten minutes prior to his arrival at it. There is no police presence at the doors, and Mr. Dresch and others are simply walking through the open doors into the building. The videos also show that, after he entered the building, Mr. Dresch walked around the Crypt or basement level for less than twenty-five minutes and then exited the building voluntarily pursuant to the directions of U.S. Capitol Police Officers. Specifically, the videos show Mr. Dresch following the hand directions of various officers over the course of several minutes to take a path back towards the same doors he first entered through. The videos also show that, as Mr. Dresch gets towards those doors, the officers are directing him to leave the building through what appears to be a large open window next to the doors. This is because, at the doorway itself, a group of officers are now blocking a large crowd that is pressing against them trying to gain entry. Just prior to Mr. Dresch exiting the building, the crowd overwhelms the officers in the doorway and floods into the building. Mr. Dresch sees all this and continues to exit. There is no evidence that Mr. Dresch ever assaulted any officers or engaged in any violence or property destruction in connection with the events of January 6. Moreover, apart from what he saw as he was leaving the building, there is no evidence that

he was even present when others were engaging in such conduct. There is no evidence that, while he was inside the building, he ever left the Crypt or basement level.

6.     Mr. Dresch is 40 years old. He is from a small town on the Upper Peninsula of Michigan. His family is from the Upper Peninsula. Mr. Dresch's father was an academic who turned local politician. Even now after his death, his father remains well known on the Upper Peninsula. Though Mr. Dresch was born in Connecticut and spent a few years abroad as a child due to his father's employment, he was largely raised on the Upper Peninsula, and except for a period in his early 20's when he went to live with a brother in Georgia, he has spent all his adult life on the Upper Peninsula. Mr. Dresch is married and has a 13-year-old son with whom he shares joint custody with his former wife. Also, Mr. Dresch's 78-year-old mother lives nearby and relies on Mr. Dresch to help her. Mr. Dresch is self-employed as a laborer. Most of his work involves installing hardwood floors. At the time of is arrest, Mr. Dresch had been going through a hard time financially because of the pandemic.

7.     According to Pretrial Service Agency report (PSA Report) that was prepared for Mr. Dresch's initial appearance in the United States District Court for the Western District of Michigan, Mr. Dresch has prior criminal convictions for what appear to be traffic-and-alcohol-type offenses in five cases: 1) Disturbing the Peace from 2008 (fine only), 2) Owner Permitting Another to Violate Motor Vehicle Code and Unlawful Use of License Plate, Registration, Title from 2010 (fines only), 3) Obstructing Officer from 2011 (fine only), 4) Fleeing Police Officer and Operating Vehicle while Impaired from 2013 (one year jail), and 5) Fleeing Officer from 2013 (11 months jail followed by two years probation). PSA Report at 4-5. These appear to be Mr. Dresch's only prior convictions.

Id.  It should be noted that the convictions from cases 4 and 5 above both concern a single incident in which Mr. Dresch apparently fled police in Wisconsin across the state line into Michigan, thus separately violating similar laws of each jurisdiction.  Id.  The convictions in these two cases are by far the worst of Mr. Dresch's prior convictions.  Indeed, they appear to be the only prior convictions he has where he got anything more than a fine.  The convictions are eight years old, and it should be noted that Mr. Dresch successfully completed the two-years probation he was given in connection with them.  Id. at 5.

8.    At the time of his arrest, Mr. Dresch was deemed to be indigent.  Also, he has now been incarcerated for over six months.  Undersigned counsel is court-appointed.  Mr. Dresch is not in a position to pay a fine.

9.    Because the charge of Parading that Mr. Dresch is pleading guilty to carries a maximum sentence of six months in prison, it is classified as a Class B misdemeanor.  18 U.S.C. § 3559(a)(7).  Accordingly, the sentencing guidelines do not apply for determining the sentence to the offense.  U.S.S.G. § 1B1.9.

10.   Because it is a Class B misdemeanor, Parading is defined as a "petty offense."  18 U.S.C. § 19.  The supervised release statute, 18 U.S.C. § 3583 does not authorize a period of supervised release for petty offenses.  See 18 U.S.C. § 3583(b)(3).

WHEREFORE, the defendant, Karl Dresch, respectfully submits the above information to aid the Court in determining the appropriate sentence for him.

Respectfully submitted,

\_\_\_\_/s/_____
Jerry Ray Smith, Jr.
D.C. Bar No. 448699
Counsel for Karl Dresch
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101